```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| ALAN BECKHAM,<br><br>           Plaintiff,<br><br>     v.<br><br>AGENT BELL and STOCKTON<br>PAROLE SUPERVISOR HUGO<br>MERCADO,<br><br>           Defendants. | NO. CV-08-2550-EFS<br><br>**ORDER REQUIRING PLAINTIFF TO<br>FILE AN AMENDED COMPLAINT** |

   Before the Court is *pro se* Plaintiff Alan Beckham's Complaint, which alleges constitutional violations under 42 U.S.C. § 1983 (Ct. Rec. 1), and related Application to Proceed In Forma Pauperis (Ct. Rec. 2). Under the Prisoner Litigation Reform Act of 1995, the Court is required to screen prisoner complaints seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Claims that are legally frivolous or malicious, claims that fail to state a claim upon which relief may be granted, and claims that seek monetary relief from a defendant who is immune from such relief are properly dismissed. *Id.* §§ 1915A(b)(1), (2) & 1915(e)(2). After review, the Court finds an amended complaint is required. The reasons for the Court's Order are set forth below.

ORDER * 1

PDF created with pdfFactory trial version www.pdffactory.com

Plaintiff alleges that Stockton Parole Officer Hugo Mercado and Agent Bell violated his Fourteenth Amendment Equal Protection rights by harassing and unlawfully arresting him in December 2007. (Ct. Recs. 1 & 4.)

Section 1983 creates a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and the law" of the United States.  Establishing a section 1983 claim requires a plaintiff to show: 1) that a right secured by the Constitution or laws of the United States was violated, and 2) that the alleged violation was committed by a person acting under the color of State law.  *Long v. County of Los Angeles,* 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which the plaintiff complains." *Redman v. County of San Diego,* 942 F.2d 1435, 1439 (9th Cir. 1991) (internal quotations and brackets omitted) (citation omitted).

A plaintiff's section 1983 complaint must set forth specific facts demonstrating how the named defendants caused or personally participated in depriving the plaintiff of his or her protected rights.  *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  It is important to remember, however, that *pro* se plaintiffs are held "to less stringent standards than formal pleadings drafted by lawyers."  *Haines v. Kerner,* 404 U.S. 519, 519-20 (1972).  Courts must construe pleadings liberally and afford *pro se*

ORDER \* 2

PDF created with pdfFactory trial version www.pdffactory.com

plaintiffs any benefit of the doubt. *Jackson v. Carey,* 353 F.3d 750, 757 (9th Cir. 2003).

Plaintiff's complaint turns on an alleged Fourteenth Amendment Equal Protection violation. The Fourteenth Amendment provides that "no state shall make or enforce any law which shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. This clause directs that "all persons similarly situated shall be treated alike." *Caswell v. Calderon*, 363 F.3d 832, 837 (9th Cir. 2004).

Here, even viewing Plaintiff's complaint liberally, it fails to set forth cognizable section 1983 claims against the named Defendants. The Court notes three (3) problems with Plaintiff's complaint.

First, Plaintiff alleges that Defendants Bell and Mercado violated his Fourteenth Amendment rights, but he does not specify whether he is suing Defendants in their "individual" or "official" capacities. If Plaintiff seeks recovery from Defendants' personal finances, he needs to articulate in the caption that he is suing Defendants in their "individual capacities," *see Hafer v. Malo*, 502 U.S. 21, 25 (1991); if Plaintiff seeks recovery from the entity employing Defendants (e.g., City of Stockton), he needs to articulate in the caption that he is suing Defendants in their "official capacities." *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (recognizing that claims against an officer in official capacity is "another way of pleading an action against an entity of which an officer is an agent").

Second, while Plaintiff is permitted to sue the entity employing Defendants, this entity cannot be liable under section 1983 solely

ORDER * 3

PDF created with pdfFactory trial version www.pdffactory.com

because it hired employees who became constitutional wrongdoers. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Therefore, the entity employing Defendants is subject to section 1983 liability only if Plaintiff's alleged constitutional violation can be attributed to the enforcement of a municipal policy, practice, or decision of a final municipal policy maker. *Id.* at 694. Here, Plaintiff's complaint does not identify any such policy, practice, or decision.

Third, Plaintiff needs to identify how Defendants specifically violated his constitutionally protected rights. Because this is an alleged Equal Protection violation, Plaintiff must articulate what classification or categorization he is similarly-situated to (e.g., race, alienage, travel, freedom of association) and how he was treated differently from this classification or categorization.

In sum, Plaintiff's complaint is deficient. When deficiencies in the complaint exist, a *pro* se litigant must be given an opportunity to amend his complaint unless it is absolutely clear that the deficiencies could not be cured by amendment. *See Lopez v. Smith,* 203 F.3d 1122, 1128 (9th Cir. 2000)(en banc). Accordingly, Plaintiff may submit an amended complaint within **sixty (60) days** of the date of this Order. The amended complaint shall:

1. be legibly rewritten or retyped in its entirety;
2. be an original and not a copy and may not incorporate any part of the original complaint by reference;
3. be a single document;
4. be clearly labeled "First Amended Complaint" and cause number CV-08-2550-EFS must be written in the caption. The first

ORDER * 4

PDF created with pdfFactory trial version www.pdffactory.com

        amended complaint will operate as a complete substitute for - rather than a supplement to - the present complaint;

5. contain a section titled: **Parties**. This section shall identify all the defendants who caused Plaintiff's alleged constitutional deprivation. Plaintiff shall identify whether he is suing Defendants in their "individual" capacity, "official" capacity, or both;

6. contain a section titled: **Facts.** This section shall set forth the facts that comprise Plaintiff's cause of action, i.e., identify what each individual Defendant did with specificity and when. Each factual allegation shall be set forth in separate, numbered paragraphs;

7. contain a section titled: **Claims.** This section shall set forth the claims showing that Plaintiff is entitled to relief, i.e., identify **how** Defendants allegedly violated his Fourteenth Amendment Equal Protection rights. If Plaintiff intends to pursue an "official" capacity claim against the entity employing Defendants, then he shall allege what policy, practice, or decision violated his Fourteenth Amendment Equal Protection rights; and

8. contain a section titled: **Prayer for Relief.** This section shall set forth what relief Plaintiff seeks.

Plaintiff's first amended complaint must also comply with both the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of California. *See King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987) (finding that *pro se* litigants must follow the same rules of

ORDER * 5

PDF created with pdfFactory trial version www.pdffactory.com

procedure that govern other litigants). As a courtesy, the Clerk's Office will send Plaintiff a copy of the Local Rules.

**Plaintiff is cautioned that if he fails to amend within sixty (60) days as directed, the Court will dismiss the complaint for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).** Pursuant to 28 U.S.C. § 1915(g), a prisoner who brings three (3) or more civil actions or appeals that are dismissed because they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury."

If Plaintiff chooses to amend his complaint, and the Court finds the amended complaint is frivolous, malicious, or fails to state a claim, the amended complaint will be dismissed pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2). Such a dismissal would count as one of the dismissals under 28 U.S.C. § 1915(g).

Alternatively, the Court will permit Plaintiff to voluntarily dismiss his Complaint pursuant to Rule 41(a), Federal Rules of Civil Procedure. Plaintiff may submit the attached Motion to Voluntarily Dismiss the Complaint within **sixty (60) days** of the date of this Order or risk dismissal under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2), and a "strike" under 28 U.S.C. § 1915(g). A voluntary dismissal within this sixty-day period will not count as a strike.

Plaintiff is still obligated to pay the full filing fee of $350.00. However, if Plaintiff elects to take a voluntary dismissal within the sixty-day period, Plaintiff may simultaneously file a separate Affidavit and Motion to waive collection of the remaining balance of the filing fee

ORDER * 6

PDF created with pdfFactory trial version www.pdffactory.com

1 in this action.  The Court will grant such a motion only for good cause
2 shown.  In no event will prior partial payments be refunded to Plaintiff.
3     **IT IS SO ORDERED**.  The District Court Executive is directed to enter
4 this Order and forward a copy to Plaintiff, along with a form Motion to
5 Voluntarily Dismiss Complaint, a civil rights complaint form, and a copy
6 of the Local Rules for the Eastern District of California.
7     **DATED** this  8th    day of January 2009.

                         S/ Edward F. Shea
                         EDWARD F. SHEA
                    United States District Judge

C:\WINDOWS\Temp\notes101AA1\ED.CA.2550.Screen.wpd

ORDER * 7

PDF created with pdfFactory trial version www.pdffactory.com

```
 1
 2
 3
 4
 5
 6
 7
 8
 9                        UNITED STATES DISTRICT COURT
10                       EASTERN DISTRICT OF CALIFORNIA
11
12   DAVID BECKHAM,
13                Plaintiff,        NO. CV-08-2550-EFS
14        v.                        MOTION TO VOLUNTARILY DISMISS
                                    COMPLAINT
15   AGENT BELL and STOCKTON
     PAROLE SUPERVISOR HUGO
16   MERCADO,
17                Defendants.
18
          Plaintiff David Beckham requests that the Court grant his Motion to
19
     Voluntarily Dismiss the Complaint pursuant to Federal Rule of Civil
20
     Procedure 41(a).  Plaintiff is proceeding *pro se*; Defendants have not
21
     been served in this action.
22
23
          **DATED** this_____day of _____ 2009.
24
25
                              _____  _____
26                                      DAVID BECKHAM


MOTION TO VOLUNTARILY DISMISS COMPLAINT -- 1
```

PDF created with pdfFactory trial version www.pdffactory.com