UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

ALAN BECKHAM,

    Plaintiff,

v.

AGENT BELL, AGENT DOE, and STOCKTON PAROLE SUPERVISOR HUGO MERCADO,

    Defendants.

NO. CV-08-2550-EFS (PC)

**ORDER DISMISSING PLAINTIFF'S COMPLAINT**

Before the Court is Defendant Hugo Mercado's Motion to Dismiss. Plaintiff Alan Beckham filed a Complaint alleging various constitutional violations under 42 U.S.C. § 1983. (Ct. Rec. 12.) The Court directed service of Plaintiff's Complaint on February 27, 2009. (Ct. Rec. 13.) Although service was accomplished on Defendant Mercado, the summons was returned unexecuted on Defendant Bell because Plaintiff did not provide a valid address. (Ct. Rec. 23.)

The following facts in Plaintiff's complaint are accepted as true. Plaintiff was arrested outside his apartment in Stockton, California on December 28, 2007, by Defendants Bell and Doe, California Department of Corrections agents acting under orders from their superior, Defendant Mercado. During the arrest, Bell and Doe drew their firearms and aimed them at Plaintiff.

ORDER * 1

When the manager of Plaintiff's apartment came out and asked why the officers were there, Defendants Bell and Doe at first said nothing. Later, however, they told the manager that Plaintiff is a child molester and that they arrested him for absconding. Defendants Bell and Doe also told Plaintiff's father's mobile home manager that Plaintiff is a child molester. As a result, Plaintiff is no longer permitted to live in his apartment or his father's mobile home. He remains incarcerated for having absconded.

The following facts are public record.[1] After Plaintiff was arrested, the Board of Parole brought charges against him for absconding. At Plaintiff's hearing, the Board of Parole changed the charge to failure to report to his parole officer and found Plaintiff violated his parole. As a consequence, his parole was revoked and he was returned to custody for seven months.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings. *Navarro v. Block*, 250 F.3d

---

[1] In a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court may consider matters that are public record without converting it into a motion for summary judgment. *See Gemtel Corp. Cmty. Redevelopment Agency of the City of L.A.*, 23 F.3d 1542, 1544 n.1 (9th Cir. 1994). These facts are based on Plaintiff's records from the Deuel Vocational Institution, as authenticated by Patrick S. Nowling, the Classification and Paroles Representative. Defendant Mercado asks the Court to take judicial notice of these facts, and Plaintiff does not object.

ORDER * 2

729, 732 (9th Cir. 2001). A complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where the factual allegations do not raise the right to relief above the speculative level. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). Conversely, a complaint may not be dismissed for failure to state a claim where the allegations plausibly show that the pleader is entitled to relief. *Twombly*, 550 U.S. at 555. In ruling on a motion under Rule 12(b)(6), a court must construe the pleadings in the light most favorable to the plaintiff, and must accept all material factual allegations in the complaint, as well as any reasonable inferences drawn therefrom. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

Plaintiff sues for money damages based on unlawful imprisonment, but this claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *Heck* stands for the proposition that a § 1983 plaintiff who sues for harm caused by "actions whose unlawfulness would render a conviction invalid" may not recover unless the plaintiff can show that the conviction has been reversed, expunged, declared invalid, or called into question by collateral review. *Id.* This rule applies equally to convictions based on parole proceedings. *See Hiltunen v. Bayer*, 6 Fed. App'x 629, 630 (9th Cir. 2001). Because Plaintiff's unlawful imprisonment claim depends on the invalidity of his conviction for a parole violation and Plaintiff did not allege that he successfully challenged that conviction, this claim is barred under *Heck*. Additionally, because no other Defendant has been served in this case, all of Plaintiff's claims must be dismissed.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant Mercado's Motion to Dismiss **(Ct. Rec. 24)** is **GRANTED**. All claims against Defendant Mercado are **DISMISSED with prejudice**.

2. Within **thirty days** from the date of this Order, Plaintiff shall submit the following documents to the Court:

    a. One completed summons;

    b. One completed USM-285 form for each remaining Defendant; and

    c. Two copies of the Complaint (Ct. Rec. 12).

3. The Court cautions Plaintiff that failing to submit the above-described documents within **thirty days** or failure to submit valid addresses for the remaining named Defendants following failed service of process within **sixty days** will be construed as permission to **dismiss this lawsuit with prejudice** for failure to prosecute under Federal Rule of Civil Procedure 41.

4. Defendant Mercado's Motion to Dismiss **(Ct. Rec. 29)** is **DENIED as moot**.

5. Plaintiff's Motions for Preliminary Injunction **(Ct. Recs. 22, 26, & 48)** are **DENIED** because there are no remaining named Defendants who have been properly served. Plaintiff may renew such motions if service is completed.

ORDER * 4

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide a copy to Plaintiff and counsel.

**DATED** this 10th day of February 2010.

s/Edward F. Shea<br>
EDWARD F. SHEA<br>
United States District Judge

Q:\Civil\Other Cts\CA-ED\ED.CA.08.2550.Dismiss.wpd

ORDER * 5